UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re								Chapter 13
Regina Therese Beck,					Case No. 15-29541-svk
			Debtor.

DECISION ON DEBTOR'S OBJECTION TO CLAIM
AND DWD'S OBJECTION TO CONFIRMATION

The issue in this case is whether a Chapter 13 debtor can treat a claim filed by the Wisconsin Department of Workforce Development (DWD) as an unsecured claim, despite the fact that DWD properly filed and perfected a lien against the debtor under state law.

Regina Beck (the "Debtor") filed a Chapter 13 petition on August 20, 2015. She listed DWD as an unsecured creditor in her schedules, and proposed to pay DWD as an unsecured creditor in her Chapter 13 plan. (ECF Nos. 1, 2.) On November 11, 2015, DWD filed a proof of claim for $3,746.77 for unemployment insurance benefit overpayments, listing $2,512.77 as secured by a warrant filed in 2010 in Milwaukee County. (Claim No. 6.) DWD objected to confirmation of the Debtor's plan, and the Debtor objected to DWD's claim. (ECF Nos. 21, 23.) After a preliminary hearing, the Court took the matter under advisement, and the parties filed briefs. (ECF Nos. 32, 33.) The parties agree that the issue is whether the Debtor can avoid DWD's secured claim as a judicial lien that impairs the Debtor's exemptions. (*Id.*)

Chapter 108 of the Wisconsin Statutes outlines the procedure by which DWD obtained its lien against the Debtor. Section 108.22(8)(a) states that if benefits are erroneously paid to an individual, the individual's liability may be set forth in a determination or decision under § 108.09. Under § 108.22(8)(c), DWD cannot waive overpayment liability if the liability resulted from a claimant's false statement or misrepresentation, and every determination must include a

finding concerning the ability to waive the overpayment. Wis. Stat. § 108.22(8)(a). DWD was required to send a copy of the determination to the Debtor. Wis. Stat. § 108.09(2)(d).

If she disputed the liability, the Debtor could request a hearing within 14 days of receipt of the determination. Wis. Stat. § 108.09(2r). Under § 108.09(3)(a), the hearing is conducted by an "appeal tribunal" consisting of a permanent employee of DWD. Qualified expert reports and DWD data base records are considered "prima facie evidence" at the hearing, and all testimony must be either tape recorded or taken down by a stenographer. Wis. Stat. § 108.09(4m), (4n), (4o), (5)(b). After the hearing, the appeal tribunal may affirm, reverse or modify the determination. Wis. Stat. § 108.09(3)(b).

If she took issue with the decision of the appeal tribunal, the Debtor would have 21 days to file a petition for review with the Labor and Industry Review Commission (the "Commission"). Wis. Stat. § 108.09(6). Upon receipt of a timely petition for review, the Commission may affirm, reverse, modify or set aside the appeal tribunal's decision. Wis. Stat. § 108.09(6)(d). Then, within 30 days after the Commission's decision, the Debtor could seek judicial review of the Commission's decision in the circuit court. Wis. Stat. § 108.09(7).

Once the determination was no longer subject to review, § 108.22(8)(b)(1)(b) provides DWD's collection remedies, including filing a warrant "in the same manner as is provided in this section for collecting delinquent payments from employers." The manner provided for collecting from employers is described in Wis. Stat. § 108.22(2)(a):

> 1. If any employing unit or any individual who is found personally liable under sub. (9) fails to pay to the department any amount found to be due it in proceedings pursuant to s. 108.10, provided that no appeal or review permitted under s. 108.10 is pending and that the time for taking an appeal or review has expired, the department or any authorized representative may issue a warrant directed to the clerk of circuit court for any county of the state.

2

      2. The clerk of circuit court shall enter in the judgment and lien docket the name of the employing unit or individual mentioned in the warrant and the amount of the contributions, interest, costs and other fees for which the warrant is issued and the date when such copy is entered.

      3. A warrant entered under subd. 2. shall be considered in all respects as a final judgment constituting a perfected lien upon the employing unit's or individual's right, title and interest in all real and personal property located in the county where the warrant is entered.

      4. The department or any authorized representative may thereafter file an execution with the clerk of circuit court for filing by the clerk of circuit court with the sheriff of any county where real or personal property of the employing unit or individual is found, commanding the sheriff to levy upon and sell sufficient real and personal property of the employing unit or individual to pay the amount stated in the warrant in the same manner as upon an execution against property issued upon the judgment of a court of record, and to return the warrant to the department and pay to it the money collected by virtue thereof within 60 days after receipt of the warrant.

In sum, following these statutory procedures, DWD made findings that the Debtor received an overpayment of unemployment benefits, and that the overpayment was not waivable presumably because it was due to the Debtor's false representations about her entitlement to benefits. DWD issued a determination containing those findings, and the Debtor failed to repay the overpayment. It is not clear from the record whether the Debtor sought review from the appeal tribunal or Commission. DWD issued a warrant to the Clerk of the Milwaukee County Circuit Court. The Clerk recorded the warrant in the judgment and lien docket with the Debtor's name and the amount of the overpayment, and DWD obtained a "final judgment" against the Debtor.

Section 522(f)(1)(A) of the Bankruptcy Code allows a debtor to avoid judicial liens on exempt property. The dispute in this case is whether DWD's lien is a judicial lien, as the Debtor

3

claims or a statutory lien, as DWD claims. A judicial lien is one "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). The Bankruptcy Code defines a statutory lien as "a lien arising solely by force of a statute on specified conditions." 11 U.S.C. § 101(53). The legislative history of the Code gives examples of statutory liens:

> A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmen's, and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien.

H. R. Rep. No. 595, 95th Cong., 1st Sess. 314 (1977), U.S. Code Cong. & Admin. News 1978, p. 6271.

Mechanics and builders enjoy statutory liens under Wisconsin law. A comparison of the text of the statutes creating those liens with the provisions that led to DWD's warrant reveals a critical distinction. For example, § 779.41 expressly creates a mechanics lien:

> (1) Every mechanic and every keeper of a garage or shop, and every employer of a mechanic who transports, makes, alters, repairs or does any work on personal property at the request of the owner or legal possessor of the personal property, <u>has a lien on the personal property</u> for the just and reasonable charges therefor . . .

Wis. Stat. § 779.41 (emphasis supplied).

Similarly, under Wis. Stat. 779.01, a statutory lien is explicitly created for construction creditors:

> Any person who performs, furnishes, or procures any work, labor, service, materials, plans, or specifications, used or consumed for the improvement of land, and who complies with s. 779.02, <u>shall have a lien therefor on all interests in the land belonging to its owners</u>.

Wis. Stat. § 779.01(3) (emphasis supplied).

4

Chapter 108 itself provides for a statutory lien of the same nature as the mechanics lien and construction lien. But that lien does not apply to employees like the Debtor who are liable for overpayments. Section 108.22(1m) states:

> <u>If an employer owes any contributions</u>, reimbursements or assessments under s. 108.15, 108.151, or 108.19 (1m), interest, fees, or payments for forfeitures or other penalties to the department under this chapter and fails to pay the amount owed, <u>the department has a perfected lien upon the employers right, title, and interest in all of its real and personal property</u> located in this state in the amount finally determined to be owed, plus costs.

(emphasis supplied).

The provisions of Wis. Stats. §§ 779.41, 779.01(3) and 108.22(1m) create a lien by their very texts. The statutes themselves create the liens automatically, without any judicial, legal or other process. This is the essence of a statutory lien. In contrast, DWD's warrant in this case involved process, including an administrative determination of whether the cause of the overpayment was the Debtor's false statements or misrepresentations. Although the record does not indicate that she sought judicial review or appealed to an appeal tribunal or the Commission, the existence of these procedures in the statutory scheme supports the conclusion that DWD's lien against the Debtor is a judicial lien, not a statutory lien.

Perhaps most persuasive is the language of Wis. Stat. § 108.22(2)(a)(3) itself, stating that the warrant "shall be considered in all respects as a final judgment." The legislature's choice of this definition for the warrant leaves little room for interpretation of DWD's lien as anything but a judicial lien as defined by the Bankruptcy Code.

DWD cites *North Gate Corp. v. North Gate Bowl, Inc.*, 34 Wis. 2d 516, 149 N.W.2d 651 (1967), in support of its argument that the warrant is a statutory lien. That case is distinguishable on at least three levels. First, the lien in *North Gate* was against an employer, not an employee.

5

As discussed above, for our purposes, the distinction is significant because the employee's liability is not automatically a lien under Wisconsin law. Second, the Wisconsin unemployment lien statute has changed from the version at issue in *North Gate*. Third, and most importantly, *North Gate* concerned the priorities of a "judgment creditor" and an IRS tax lien under the 1965 version of 26 U.S.C. § 6323. The term "judgment creditor" is not defined in the statute, and the court observed that "The term 'judgment creditor' for purposes of § 6323, Int. Rev. Code, has always been construed to mean judgment creditor in the conventional sense." *North Gate*, 34 Wis. 2d at 528. Unlike the Internal Revenue Code, the Bankruptcy Code defines "judicial lien," and the definition is much broader than a conventional judgment. Under § 101(36), a judicial lien is one "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." The inclusion of liens obtained by "other legal or equitable process or proceeding" strongly suggests that, while DWD's lien may not be a conventional judgment, it is a judicial lien under the Bankruptcy Code. The conclusion is bolstered by examining the process that DWD undertakes to obtain its lien, including making findings, conducting hearings and receiving evidence on appeal, and then recording a warrant with the clerk of the court.

DWD also cites a bankruptcy case, *Braxton v. Bureau of Unemployment Compensation Benefits & Allowances (In re Braxton)*, 224 B.R. 564 (Bankr. W.D. Pa. 1998), in which the court concluded that a Pennsylvania unemployment tax lien was a statutory lien not a judicial lien. A comparison of the Pennsylvania and Wisconsin statutes reveals material differences, including the Pennsylvania statute's automatic creation of a lien under a provision entitled, "Contributions to be liens; entry and enforcement thereof." 43 Pa. C.S.A. § 788.1. The Pennsylvania statute does not state that the liens "shall be considered in all respects a final judgment," as Wis. Stat. §

6

108.22(2)(a)(3) declares. Nor does Pennsylvania appear to offer the process that DWD employs to obtain its warrant. For example, there is no counterpart to Wis. Stat. §§ 108.22(c) and 108.22(8)(a), requiring DWD to make findings about whether an overpayment resulted from a claimant's false statement or misrepresentation, although Pennsylvania provides criminal penalties unrelated to the lien provision. 43 Pa. C.S.A. § 871. In issuing its determination, DWD must make findings about the cause of the overpayment, including whether the claimant's misrepresentations led to the overpayment. This process must be followed regardless of whether the claimant appeals. Wisconsin's comprehensive appellate procedures, including the opportunity for judicial review, appear to be absent from Pennsylvania's lien provisions. Moreover, to the extent the *Braxton* court concluded that administrative proceedings resulting in a lien did not qualify as "other legal or equitable process" since neither a court of law nor a court of equity caused the filing of the lien, this Court disagrees. *Braxton*, 224 B.R. at 569. While the summary steps (and the automatic statutory lien language) in Pennsylvania might not qualify, the procedures for the creation of DWD's warrant against the Debtor constitute other legal or equitable process and meet the definition of a judicial lien.

In sum, the Bankruptcy Code's definition of judicial lien is broad enough to encompass the lien against the Debtor created by DWD's warrant. Chapter 108 of the Wisconsin Statutes does not automatically create the lien when the Debtor receives an overpayment of benefits. Rather it is only after legal process or proceedings that DWD obtains its lien. Significantly, the Wisconsin legislature itself denominated the warrant as a judgment "in all respects."

7

The Court will enter an order sustaining the Debtor's objection to DWD's proof of claim and overruling DWD's objection to the confirmation of the Debtor's plan.

Dated: February 5, 2016

By the Court:

Susan V. Kelley
Chief U.S. Bankruptcy Judge

8

Case 15-29541-svk    Doc 39    Filed 02/05/16    Page 8 of 8